TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine Street
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email:  tim.racicot2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 12-14-BU-DLC |
|---|---|
| Plaintiff, | OFFER OF PROOF IN SUPPORT OF GUILTY PLEA |
| vs. | |
| JAYME KURTIS BEERY, | |
| Defendants. | |

Defendant Jayme Kurtis Beery has signed a plea agreement that contemplates his plea of guilty to Count II of the Indictment in this

case, which charges false statements in violation of 18 U.S.C. § 1001(a)(3).  Beery's plea of guilty will be unconditional.

The United States presented all formal plea offers to Beery in writing.  The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to Beery.  *See Missouri v. Frye* __U.S.__, 132 S.Ct. 1399 (decided March 21, 2012).

**Elements.**  In order to prove the case against Beery at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, he used a writing that contained a false statement in a matter within the jurisdiction of the United States Secret Service;

Second, he acted willfully; that is, deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the activities or decisions of the Secret Service; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

**Proof.**  If called upon to prove this case at trial, and to provide a factual basis for Beery's plea, the United States would present, by way

of the testimony of law enforcement officers and lay and expert witnesses, the following evidence.

On May 31, 2012, while incarcerated in the Gallatin County detention center for allegedly violating the terms of his probation, Beery wrote a hand-written note threatening the life of President Barack Obama. The detention center staff brought the note to the attention of the Secret Service and Special Agent Brian O'Neil interviewed Beery on June 1, 2012. During the interview, Beery specifically described his plan to assassinate the President and took pains to convince Agent O'Neil that he was serious about the threat.

Beery said that he admired one of the sniper killers in the D.C. area, John Muhammed, for being able to terrorize an entire region of the country. Beery said he either wanted to be a famous hip-hop music artist or gain notoriety by killing the President. He also said he did not want to keep bouncing in an out of jail and preferred to serve a life sentence in federal custody. O'Neil told Beery that he did not think Beery was serious about killing the President and Beery said, "I don't know what else you need me to say. I guess you could let me out of prison and see what happens. I will try to kill him." Beery also told

O'Neil that he is a member of the Bloods street gang and has received training from the gang in concealing weapons and hand-to-hand combat.  And he claimed that he owned at least two firearms, both handguns, and a vehicle, all of which were being stored in Missoula.

O'Neil interviewed Beery again on June 25, 2012.  Before the second interview, on June 18, 2012, Beery wrote another note reiterating his threats against the life of the president and also threatening other officials in Washington, D.C.  According to the note, Beery believed he could accomplish his goals by either killing the president or killing some other politician and leaving a note warning the president of a similar fate.  During the second interview, which also took place at the Gallatin County detention center, Beery initially reaffirmed his desire to kill the president and detailed his experience and ability with firearms.  He also admitted lying to officials at Warm Springs and faking a mental illness in 2007 because he was bored in jail and had nothing better to do.  Near the end of the interview, Beery told O'Neil that his threat was driven by his desire to get a change of venue on his Montana case because his crimes would not carry such steep penalties in Ohio.  When he was told that his Montana charges

and sentence would likely stand even if he were prosecuted in federal court for threatening the president, Beery said that he lied about wanting to kill the president.  O'Neil noted that Beery's admission to lying was accompanied by a wry smile, which O'Neil thought could indicate embarrassment for failing to think his plan through (i.e. threatening the president in order to get out of Montana) or represent another lie about his intent to harm the president (i.e. he was serious about killing the president but decided to lie about it).

On June 26, 2012, following his second interview with SA O'Neil on June 25, Beery wrote a note that reads: "No, I do not want to kill the U.S. Presadent or any other political figure.  All previous threats had no truth."  Beery also clarified his gang membership status and said that the guns he had previously discussed do not belong to him and are not in his possession.  He closed that note by writing, "I lie for a reason I do not know of.  For this I am sorry."

In addition to interviewing Beery, O'Neil also interviewed Beery's mother, his grandparents, jail staff in Bozeman, and a prosecutor in the Gallatin County Attorney's office.  He also obtained Beery's medical records.

The government submits that the aforementioned evidence would prove beyond a reasonable doubt all the elements of the crime charged in Count II of the Indictment.

Respectfully submitted this 8th day of February, 2013.

                MICHAEL W. COTTER
                United States Attorney


                */s/ Timothy J. Racicot*
                Assistant U.S. Attorney
                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2013, a copy of the foregoing document was served on the following persons by the following means:

    (1,2)  CM/ECF
    ( )     Hand Delivery
    ( )     U.S. Mail
    ( )     Overnight Delivery Service
    ( )     Fax
    ( )     E-Mail

1. Clerk, U.S. District Court

2. Michael Donahoe
   Senior Litigator
   Federal Defenders of Montana
   50 West 14th Street, Suite 300
   Helena, MT 59601-3332

                                              */s/ Timothy J. Racicot*
                                              Assistant U.S. Attorney
                                              Attorney for Plaintiff