IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12–14–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JAYME KURTIS BEERY, | |
| Defendant. | |

Before the Court is the United States of America's Unopposed Motion to Dismiss Revocation Petition. (Doc. 71.) The United States moves this Court for an order dismissing the pending revocation petition (Doc. 67) in the above-captioned matter. (Doc. 71 at 1.) Mr. Beery does not object to this motion. (*Id.* at 2.) Additionally, in response to this Court's prior statements on the record at the October 1, 2020 hearing (Doc. 68), the United States indicates that neither it nor Mr. Beery object to the termination of Mr. Beery's remaining term of supervised release. (Doc. 71 at 2.)

This Court may, after considering certain sentencing factors contained within 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release,

1

pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

But, as is revealed above, there are several important limitations on this discretion. First, the defendant must serve at least one year of supervised release before this Court can terminate any remaining amount. 18 U.S.C. § 3583(e)(1). This one-year period begins to run, or rather a term of supervised release commences, only on the day the defendant "is released from imprisonment." *Id.* § 3624(e); *see also United States v. Johnson*, 529 U.S. 53, 57–59 (2000) (holding a defendant is released from imprisonment "on the day the prisoner in fact is freed from confinement").

Second, this Court must consider certain sentencing factors contained within 18 U.S.C. § 3553(a) before properly terminating a remaining portion of a defendant's supervised release. 18 U.S.C. § 3583(e)(1). These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further

2

crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

Finally, under the Federal Rules of Criminal Procedure, this Court must ordinarily hold a hearing before a defendant's conditions of supervised release can be properly modified. Fed. R. Crim. P. 32.1(c)(1). A hearing is not necessary, however, if: (1) the modification is favorable to the defendant; (2) the modification "does not extend the term" of supervised release; and (3) the United States is aware of the proposed modification and does not object to it. *Id.* 32.1(c)(2). The Court will address each of these three limitations in turn, before ultimately concluding that a termination of Mr. Beery's remaining term of supervised release is proper.

As to the first requirement, the Court concludes that Mr. Beery is statutorily eligible for the early termination of his remaining term of supervised release. On June 14, 2013, this Court sentenced Mr. Beery to a term of 12 months imprisonment, to run consecutively to any state court judgments, followed by 2 years of supervised release. (Doc. 40 at 2–3.) Mr. Beery was not released from imprisonment, and thus,

his term of supervised release did not commence, until January 31, 2019.  (*See* Doc. 54 at 1.)  This January 31, 2019 commencement of Mr. Beery's supervised release, however, means that he has served at least one year of supervised release and is therefore eligible for early termination under 18 U.S.C. § 3583(e)(1).

As to the second requirement, the Court finds that, upon consideration of the sentencing factors contained within 18 U.S.C. § 3553(a), termination of the remaining portion of Mr. Beery's term of supervised release is both warranted by his own conduct and in the interests of justice.  Mr. Beery's underlying crime is very serious, and involves statements expressing threats to kill then–President Barrack Obama.  But, Mr. Beery's conduct on supervised release is a testament to the theory that people do truly learn from their mistakes.

While Mr. Beery's path on supervised release has not been without missteps, his actions demonstrate those of a person truly committed to making a better life for himself.  Since his release from incarceration, Mr. Beery has maintained continuous employment and the record reveals that is he considered a stellar employee "always willing to go the extra mile to get the job done."  (Doc. 66 at 6.)  The Court finds that Mr. Beery is actively attempting to rebuild a life previously impacted through his acts of criminality and resulting incarceration.

Additionally, the Court finds that Mr. Beery's previous term of incarceration, in addition to the time of supervised release already served, are sufficient to

4

adequately serve the principles of general and specific deterrence, as well to protect society from any future crimes of Mr. Beery. The Court also finds that given the remaining portion of Mr. Beery's term of supervised release, which amounts to less than a month, the remaining factors contained within 18 U.S.C. § 3553(a) support the early termination of Mr. Beery's supervised release. In short, Mr. Beery has paid his debt to society and both his conduct and the interests of justice comport with the early termination of his supervised release.

Finally, because the early termination of Mr. Beery's remaining term of supervised release is undoubtedly favorable to him and because the United States does not object to such early termination, the Court finds this matter can be properly disposed of without a hearing.

Accordingly, IT IS ORDERED that the United States' motion (Doc. 71) is GRANTED.

IT IS FURTHER ORDERED that the final revocation hearing currently scheduled for December 9, 2020 is VACATED.

IT IS FURTHER ORDERED that the currently pending revocation petition (Doc. 67) is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the remaining portion of Mr. Beery's supervised release is TERMINATED pursuant to 18 U.S.C. § 3583(e)(1).

The Clerk of Court is directed to close the case file.

5

DATED this 8th day of December, 2020.


_____
Dana L. Christensen, District Judge
United States District Court